# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ALEX ALEXANDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-1301 |
| | ) | |
| FREDERICK ENTZEL, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER & OPINION

This matter is before the Court on Petitioner's Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 7). Respondent has responded (Doc. 14), but Petitioner failed to timely file a reply; consequently, this matter is ripe for review. For the reasons stated herein, the Petition is DENIED.

### BACKGROUND

Petitioner Alex Alexander was indicted for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 15 at 4–6). Petitioner proceeded to trial; at trial he stipulated he "had been convicted of a felony crime punishable by imprisonment for a term exceeding one year." (Doc. 15 at 8). He was convicted on all three counts. (Doc. 15 at 14).

The presentence report (PSR) explains Petitioner was a career offender under the United States Sentencing Guidelines § 4B1.1 and an armed career criminal

pursuant to 18 U.S.C. § 924(e). (Doc. 17-1 at 8–9). The convictions serving as the basis for these designations were: (1) Possession with Intent to Deliver Cocaine; (2) Unlawful Delivery of 1-15 Grams of Cocaine; and (3) Attempted Robbery. (Doc. 17-1 at 9). The two cocaine-related offenses were considered serious drug offenses and formed the basis for the career offender designation; the attempted robbery was considered a violent felony and, combined with the cocaine-related offenses, served as a basis for the armed career criminal designation. (Doc. 17-1 at 8–9). Due to these designations, the PSR stated Petitioner's sentencing range was 360 months to life on the first two counts; the mandatory statutory penalty of 60 months on the third count, to run consecutively. (Doc. 17-1 at 8–9, 42).

Petitioner objected to the PSR. (Doc. 15 at 10). Among other arguments, he objected to the career offender and armed career criminal designations for two reasons: (1) he was 17 years old at the time of the possession with intent to deliver cocaine offense, which he argued meant he ought not be considered a career offender; and (2) he argued attempted robbery, as an inchoate offense, did not constitute a violent felony. (Doc. 15 at 11). The sentencing court overruled Petitioner's objections and sentenced him to 120 months' imprisonment on Count 1, 200 months on Count 2, and 70 months on Count 3, all to run consecutively for a total sentence of 390 months' imprisonment. (Doc. 15 at 15). On direct appeal, Petitioner argued that the prosecutor impermissibly vouched for a government witness; the Seventh Circuit held he could not establish plain error; he raised no other issues on appeal. *United States v. Alexander*, 741 F.3d 866, 868 (7th Cir. 2014).

In 2015, Petitioner filed a motion under 28 U.S.C. § 2255 in the Northern District arguing his counsel had been ineffective for failing to file a motion to suppress, failing to argue his civil rights had been restored for the cocaine-related offenses, and failing to challenge parts of the PSR. (Doc. 15 at 22–41). His petition was denied. (Doc. 15 at 64–67). As relevant to the instant matter, the court held Petitioner's argument that his rights had been restored could not apply to the controlled substance offenses due to differences in statutory wording. (Doc. 15 at 65–66). His following appeal was dismissed for failure to file a docketing statement. (Doc. 15 at 71).

Petitioner sought leave to file a second or successive motion under 28 U.S.C. § 2255 in the wake of *Johnson v. United States*, 559 U.S. 133 (2010) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 15 at 74–86). The Seventh Circuit denied him permission to file, finding neither decision altered the status of his armed robbery conviction as a predicate offense. (Doc. 15 at 122–23).

## LEGAL STANDARD

A person may only challenge a federal conviction or sentence under § 2241 if 28 U.S.C. § 2255(e), the "savings clause," allows. *Webster v. Daniels*, 784 F.3d 1123, 1135 (7th Cir. 2015) (en banc). Section 2255(e) permits recourse through § 2241 only where the motion provided under § 2255 is "inadequate or ineffective to test the legality" of the challenged detention. § 2255(e); *Webster*, 784 F.3d at 1135. The Seventh Circuit has held § 2255 is inadequate or ineffective where:

> (1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive

3

§ 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

*Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

Additionally, the Court notes Petitioner is proceeding *pro se*. *Pro se* filings are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

In the instant petition, Petitioner makes two arguments. First, he argues pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he was not proven guilty of violating 18 U.S.C. § 922(g) and, therefore, could not have received a sentence under the Armed Career Criminal Act (ACCA). (Doc. 7 at 4). Second, he argues his convictions for controlled substance offenses are broader than the federal definition under the categorical approach in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and consequently could not be used to enhance his sentence. (Doc. 7 at 8).[1]

### I. *Rehaif* Claim

In *Rehaif*, the Supreme Court held the word "knowingly" in § 922(g) applies to the status making it unlawful to possess a firearm, in addition to knowledge that the object possessed was a firearm. Petitioner argues his conviction under § 922(g) is invalid—making his sentence under § 924(e) invalid—because he alleges he received

---

[1] Petitioner brought *Portee v. United States*, 941 F.3d 263 (7th Cir. 2019) to the Court's attention, asserting under *Portee* his attempted armed robbery conviction no longer qualifies as an ACCA predicate. (Doc. 10 at 1). *Portee* does not stand for that proposition; the Seventh Circuit did not consider whether a conviction for Illinois attempted armed robbery was an ACCA predicate. 941 F.3d at 266–67. At any rate, Petitioner declined to amend his petition to add this as a ground for relief and it does not relate to either of his other claims. (*See* Docs. 8, 9; Docket Entry on 10/31/2019).

letters which had the effect of causing him to believe his civil rights had been restored. (Doc. 7 at 5–7). Therefore, he argues, the Government could not show he knew he was in a category of person forbidden from possessing a firearm. (Doc. 7 at 7).

The Government concedes *Rehaif* is a decision of statutory interpretation announcing a new rule retroactive on collateral review. (Doc. 14 at 26). The Government does, however, contest that the alleged error would constitute a miscarriage of justice. (Doc. 14 at 26).

The Court agrees. As this Court recently held, *Rehaif* does not require the Government prove a criminal defendant knew he was prohibited from possessing firearms, only that he was included in a group generally excluded from possessing firearms. *Guardiola v. Entzel*, 19-cv-2287, 2020 WL 68584, at *2 (C.D. Ill. Jan. 7, 2020) (quoting *Benson v. Marske*, No. 19-cv-644, 2019 WL 6683508, at *2 (W.D. Wis. Dec. 6, 2019). Petitioner does not argue he was unaware he had prior felony convictions and given the record it would be frivolous to do so. Therefore, he did not suffer a miscarriage of justice.

Petitioner, however, argues his rights were restored. (Doc. 7 at 6). Indeed, he argues, *Rehaif* places the burden on the Government to show they were not. (Doc. 7 at 6). Recognizing circuit precedent—*United States v. Foster*, 652 F.3d 776, 791 (7th Cir. 2011), specifically—holds restoration of rights is an affirmative defense, Petitioner argues "*Rehaif* effectively overrules *Foster* by making it clear that it is the government, not the defendant that has the burden of proving that the defendant

5

knew that he was part of a class of persons prohibited from possessing firearms." (Doc. 7 at 6).

The Court cannot agree with this creative argument. *Rehaif*, in the Court's view, does not sweep so broadly. If a defendant has a claim that his rights were restored, that is an affirmative defense. *Foster*, 652 F.3d at 791; *United States v. Zúñiga*, 767 F.3d 712, 719 (7th Cir. 2014). This is a claim apart from *Rehaif*; the restoration of rights affirmative defense was available to Petitioner at his trial. *Rehaif* imposes an obligation on the prosecution to show a defendant knew he was a felon—Petitioner assuredly did—and does not otherwise bear upon whether a defendant knew he was forbidden from possessing firearms. The Court finds the *Rehaif* ground asserted in the petition does not constitute a miscarriage of justice and thus Petitioner cannot receive relief through § 2241.

## II. *Mathis* Claim

The second argument advanced by Petitioner relates to the use of his prior controlled substance convictions to enhance his sentence under ACCA, 18 U.S.C. § 924(e). Briefly, determining whether a prior conviction is the type of conviction which may properly be used to enhance a sentence under ACCA is done through an inquiry known as the "categorical approach." *United States v. Edwards*, 836 F.3d 831, 834 n.2 (7th Cir. 2016). The categorical approach asks whether the offense for which the defendant was convicted necessarily satisfies the applicable federal definition—or put another way, whether a defendant could be convicted of the prior offense without engaging in the conduct warranting enhancement. *See United States v. Woods*, 576 F.3d 400, 403–04 (7th Cir. 2009) (en banc).

6

When, however, a statute "sets out one or more elements of the offense in the alternative" the "modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 257 (2013). Having made that determination, the sentencing court can then perform the categorical approach by comparing those elements to the necessary federal definition. *Id.*

The question in *Mathis* was whether alternative means, as well as alternative elements, triggered the categorical approach. 136 S. Ct. at 2247–48. The Supreme Court held alternative means do not. *Id.* Therefore, under *Mathis* an alternatively-phrased statute must be examined "to determine whether its listed items are elements or means." *Id.* at 2256. If elements, the modified categorical approach applies; but if means, "the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution." *Id.*

It is true *Mathis*, in the abstract, may provide a basis for a § 2241 petition. *Chazen v. Marske*, 938 F.3d 851, 863 (7th Cir. 2019). Petitioner's claim, however, is fully independent of *Mathis*. The core of Petitioner's argument is that Illinois defines cocaine as cocaine and its isomers but includes positional isomers while federal law only includes optical isomers. (Doc. 7 at 8–11). Therefore, he argues, the definition of cocaine—and presumably his conviction—are overbroad when the categorical approach is properly applied. (Doc. 7 at 11).

Without reaching the merits of this argument, the Court concludes Petitioner cannot bring it in a § 2241 petition. As the Government points out, at any point during the prior proceedings—on direct appeal or in his motion under § 2255—Petitioner could have raised substantially the same claim with substantially the same result. (Doc. 14 at 41). This is because the modified categorical approach looks only to a "limited class of documents." *Mathis*, 136 S. Ct. at 2249. But, those documents in this case would not have explained whether Petitioner's offense involved cocaine or an isomer of cocaine. (Doc. 15 at 124–126). Consequently, the review of Petitioner's underlying claim would not have been affected by *Mathis*; regardless of whether it attempted to use the modified categorical approach, the reviewing court would have needed to determine whether the full definition of "cocaine" under Illinois law was overbroad. His claim not relying on *Mathis*, nor any other decision of statutory decision unavailable to him when he brought his § 2255 motion, it is not cognizable in a § 2241 petition.

## Conclusion

Petitioner's Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 7) is DENIED. This matter is terminated.


SO ORDERED.

Entered this 5th day of March 2020.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge